# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| STATE OF TEXAS, STATE OF MONTANA, *Plaintiffs*, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; MELANIE FONTES RAINER, in her official capacity as Director of the Office for Civil Rights; CENTERS FOR MEDICARE & MEDICAID SERVICES; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> *Defendants*. | Case No. 6:24-cv-211-JDK |

## CORRECTED PLAINTIFFS' MOTION FOR CLARIFICATION

On July 3, 2024, the Court issued an Order (Dkt. 18) staying the effective date of the Final Rule, Nondiscrimination in Health Programs and Activities, 89 Fed. Reg. 37,522 (May 6, 2024), as to the State of Texas, the State of Montana, and all covered entities in those States. The Plaintiff States respectfully seek clarification of the scope of the Court's Order. *See Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 517 (5th Cir. 1969) (a party may "s[eek] district court clarification" where it "ha[s] doubts about the meaning of any part of the injunction"); *PSSI Holdings, LLC v. Calhoun*, No. 5:21-cv-00080-RWS, 2021 WL 8315396, at *1 (E.D. Tex. Sept. 13, 2021) ("district courts possess the inherent procedural authority to [clarify its order] for causes seen by it to be sufficient") (citation omitted); *see also* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.").

## DISCUSSION

This Court stayed the Final Rule "as to Texas and Montana and all covered entities in those States until further order of the Court." Dkt. 18 at 27. To support its geographic limits of relief, the Court cites to two cases that dealt with injunctions under the Administrative Procedure Act (APA). *See* Dkt. 18 at 26.

Unlike injunctions, stays operate like vacatur. In the Order, the Court recognized that a stay under the APA constitutes a "temporary form of vacatur." Dkt. 18 at 9 n.4 (citing *All. for Hippocratic Med. v. FDA*, 78 F.4th 210, 254 (5th Cir. 2023), *rev'd on other grounds*, 602 U.S. 367 (2024)). That's true because "[n]othing in the text of Section 705, nor Section 706, [the rule governing vacatur], suggests that either preliminary or ultimate relief under the APA needs to be limited" to the parties. *Career Colleges & Sch. of Texas v. United States Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024). Unlike injunctions, vacatur operates *in rem* against a challenged agency action, is self-executing, and is accomplished through the Court's order. Therefore, "[u]nlike judicial review of statutes, in which courts enter judgments and decrees only against litigants, the APA . . . go[es] further by empowering the judiciary to act directly against the challenged agency action," and it thus operates as "a veto-like power that enables the judiciary to formally revoke an agency's rules, orders, findings, or conclusions—in the same way that an appellate court formally revokes an erroneous trial-court judgment." Jonathan Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933, 1012 (2018).

Accordingly, stays of agency action apply "to all parties and not just to the parties before the Court," *Watterson v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, Civ. A. No. 4:23-cv-00080, 2024 WL 897595, at *19 (E.D. Tex. March 1, 2024) (Mazzant, J.) (cleaned up), because "[a] stay under section 705 removes the source of the defendants' authority and effectively rescinds the unlawful agency action." *Nat'l Rifle Assoc. of America, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, ---F. Supp. 3d---, 2024 WL 1349307, at *10 n.5 (N.D. Tex. March 29, 2024) (cleaned up). The Fifth Circuit has

"conclude[d] that the scope of preliminary relief under Section 705 aligns with the scope of ultimate relief under Section 706, which is not party-restricted," because "an invalid rule may not be applied to anyone." *Career Colleges*, 98 F.4th at 255 (cleaned up).

## CONCLUSION

Because a stay under the APA is not party-specific and removes the agency's authority to issue the rule *in toto*, the Plaintiff States respectfully request the Court clarify that its Order stays the effective date of the Final Rule universally.

Dated: July 8, 2024 .

Respectfully Submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

*/s/ Amy S. Hilton*
**AMY SNOW HILTON**
Special Counsel
Amy.Hilton@oag.texas.gov

**ETHAN SZUMANSKI**
Special Counsel
Ethan.Szumanski@oag.texas.gov

Office of the Attorney General of Texas
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: 512-463-2100
Fax: 512-457-4410

**COUNSEL FOR STATE OF TEXAS**

**AUSTIN KNUDSEN**
Attorney General of Montana

*/s/ Christian B. Corrigan*
**CHRISTIAN B. CORRIGAN**
*Solicitor General*

**PETER M. TORSTENSEN, JR.**
*Deputy Solicitor General*

Montana Department of Justice
215 N. Sanders Helena, MT 59601
Christian.Corrigan@mt.gov
Peter.Torstensen@mt.gov

**COUNSEL FOR STATE OF MONTANA**

4

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 8, 2024, I conferred with Zachary Sherwood, counsel for Defendants—via email at Zachary.W.Sherwood@usdoj.gov—regarding this Motion. On July 8, 2024, he stated that Defendants oppose Plaintiffs' motion, as the Court made clear that the scope of its stay was limited solely to "Texas and Montana and all covered entities in those States." Mem. Op. & Order at 27, ECF No. 18; *see also id.* at 26 ("Texas and Montana have demonstrated injuries that they and covered providers in these two States are likely to suffer.  There is no evidence of potential imminent harm to other parties.  Thus, *a stay limited to all covered entities within Texas and Montana* accords with the record before the Court . . . ." (emphasis added)).  In Defendants' view, there is thus no need for the Court to further "clarify" what it has already clearly stated about the stay's scope.

*/s/ Amy S. Hilton*
Amy S. Hilton

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 8, 2024 and that all counsel of record were served by CM/ECF.

*/s/ Amy S. Hilton*
Amy S. Hilton