# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

STATE OF TEXAS,
STATE OF MONTANA,
    *Plaintiffs,*

v.

XAVIER BECERRA, in his official capacity
as Secretary of Health and Human Services;
MELANIE FONTES RAINER, in her
official capacity as Director of the Office for
Civil Rights; CENTERS FOR MEDICARE
& MEDICAID SERVICES; UNITED
STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

    *Defendants.*

Case No. 6:24-cv-211-JDK

---

### CORRECTED REPLY IN SUPPORT OF MOTION FOR CLARIFICATION

In their Response, Defendants cite no authority limiting—or rebutting—the application of *Career Colleges & Schools of Texas v. United States Department of Education*, 98 F.4th 220 (5th Cir. 2024), to this case. Instead, Defendants rely on *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570 (2024), for the proposition that principles of equity should weigh in favor of limited relief. *See* Dkt. 22 at 4. But that case considered the scope of a preliminary injunction, not the scope of a stay. *Starbucks Corp.*, 144 S. Ct. at 1576; *see also* Dkt. 22 at 4 (citing same). Through 5 U.S.C. § 705, Congress authorizes a universal delay of agency action to protect against "enormous and transformative expansion[s]" of regulatory authority. *See Tennessee v. Cardona*, No. CV 2:24-072-DCR, 2024 WL 3019146, at *14 (E.D. Ky. June 17, 2024) (quoting *Util. Air Regul. Grp. v. EPA*, 573 U.S. 302, 324 (2014)). Defendants' Final Rule applies universally; it follows that the remedy of staying the effective date of that Final Rule is also universal.

## I.   The scope of the stay of agency action aligns with the scope of ultimate relief.

"[T]he scope of preliminary relief under Section 705 aligns with the scope of ultimate relief under Section 706." *Career Colls.*, 98 F.4th at 255. Under Section 706, vacatur is "the *only* statutorily prescribed remedy for a successful APA challenge to a regulation." *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374–75 (5th Cir. 2022) (emphasis added). And it is "inherently universal." *Texas v. United States Dep't of Transp.*, No. 5:23-cv-304, 2024 WL 1337375, at *20 (N.D. Tex. March 27, 2024) (Hendrix, J.) (citing John Harrison, *Vacatur of Rules under the Administrative Procedure Act*, 40 Yale J. on Reg. Bull. 119, 120 (2023)). "When a federal court sets aside an agency action" under § 706, "the federal court vacates that order—in much the same way that an appellate court vacates the judgment of a trial court." *Corner Post, Inc. v. Board of Governors of Federal Reserve Sys.*, 144 S. Ct. 2440, 2462 (Kavanaugh, J., concurring).

The APA "empower[s] the judiciary to act directly against the challenged agency action." *Griffin v. HM Fla.-ORL, LLC*, 144 S. Ct. 1, 2 n.1 (2023) (Kavanaugh, J., statement respecting the denial of application) (quoting Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933, 1012 (2018)). The effect of vacatur is as if the agency action is "erased from the books." *Texas v. United States Dep't of Transp.*, 2024 WL 1337375, at *20. A stay thus "cannot logically be limited to the plaintiffs," *id.*, since "the disapproved agency action is treated as though it had never happened." *Mitchell*, 104 Va. L. Rev. at 1013; *Career Colls.*, 98 F.4th at 255.[1]

Like vacatur, a stay functions *in rem*, operating directly against the agency action, rather than against a person. A stay works "by halting or postponing some portion of the

---

[1] Defendants' argument that "the APA does not authorize vacatur at all," Dkt. 22 at 5 n.6,  finds no footing in the Supreme Court's recent jurisdprudence. *Corner Post*,144 S. Ct. at 2460 (Kavanaugh, J., concurring) (criticizing the "far-reaching argument that the APA does not allow vacatur. . . but instead permits a court only to enjoin. . . a rule against the plaintiff" alone because that position "would revolutionize long-settled administrative law" and "shut[ ] the door on entire classes of everyday administrative law cases").

proceeding, or by temporarily divesting an order of enforceability." *Nken v. Holder*, 556 U.S. 418, 428 (2009) (citing Black's Law Dictionary 1413 (6th ed. 1990)). In contrast, an injunction operates *in personam* by directing an individual to act or refrain from acting. *Id.* at 428. Both types of relief have the practical effect of stopping the agency from acting, but in different ways. *See VanDerStok v. BlackHawk Mfg. Grp. Inc.*, 692 F. Supp. 3d 616, 632 (N.D. Tex.)*, vacated sub nom. Garland v. Blackhawk Mfg. Grp., Inc.*, 144 S. Ct. 338 (2023). An injunction prevents agency action by subjecting agency personnel to contempt if they exercise their enforcement authority, while a stay "prevent[s]" agency action "by temporarily suspending the source of authority to act—the order or judgment in question." *Nken*, 556 U.S. at 428–29. Put another way, a stay "temporarily voids the challenged authority." *Id.*; *see also Career Colls.*, 98 F.4th at 255.

Like vacatur under § 706, a stay under § 705 is the APA's default preliminary remedy. *See Texas v. United States Dep't of Transp.*, 2024 WL 1337375, at *20–21 ("[T]his Court is bound by Fifth Circuit precedent that has continually maintained that vacatur is 'the appropriate remedy' by 'default.'" (quoting *Data Mktg. P'ship v. U.S. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022)). Fifth Circuit precedent recognizes a stay as the "less drastic" remedy. *All. for Hippocratic Med. v. U.S. Food & Drug Admin.*, 78 F.4th 210, 254 (5th Cir. 2023), *rev'd for lack of jurisdiction*, 602 U.S. 367 (2024). A stay "does not order the defendant to do anything." *Id.* It "neither compels nor restrains . . . further agency decision-making," *Texas v. United States*, 40 F.4th 205, 220 (5th Cir. 2022), and it doesn't apply *in personam* on threat of contempt, *see Nken*, 556 U.S. at 428. While courts retain the authority to issue a more limited remedy, "a more limited remedy is *not* party-specific vacatur." *Texas v. United States Dep't of Transp.*, 2024 WL 1337375, at *21 (emphasis added). When a regulation is challenged before it takes effect, the straightforward means of staying the regulation is to temporarily postpone it by "delay[ing] the effective date." 5 U.S.C. § 705. That "simply suspends" agency "alteration of the status quo." *Nken*, 556 U.S. at 429 (cleaned up). Such a delay is the least burdensome means of maintaining the

status quo. *See Wages & White Lion Investments, LLC v. FDA*, 16 F.4th 1130, 1144 (5th Cir. 2021).

## II.   A stay is not party-specific.

"To vacate is to void," and "party-specific vacatur runs contrary to the very nature of [that] relief." *Texas v. Dep't of Transp.*, 2024 WL 1337375, at *21. Stays do not operate against the defendants *in personam*. They operate against the agency action itself by suspending the agency's authority to perform the challenged action. That means the agency cannot complete that action at all—not against anyone. *See Career Colls.*, 98 F.4th at 255; *Watterson v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 2024 WL 897595, at *19 (E.D. Tex. Mar. 1, 2024) (a § 705 delay stays "the agency regulation as applied to all parties and not just to the parties before the Court"). Recognizing this distinction, the Fifth Circuit rightly held that § 705 relief is "not party-restricted," *Career Colls.*, 98 F.4th at 255 (noting that "[n]othing in the text of Section 705" suggests preliminary relief "needs to be limited to" the parties before the court), but is instead inherently universal. That binding precedent aligns with the APA's remedial scheme, its precedent, and courts' traditional powers.

Indeed, the APA instructs courts to do one thing with any unlawful agency action: set it aside. 5 U.S.C. § 706. "[B]ecause federal courts must 'set aside' agency rules in the same way that they set aside agency orders, successful challenges to agency rules must award the same remedy." *Corner Post*, 144 S. Ct. at 2462–63 (Kavanaugh, J., concurring); *see also Braidwood Mgmt., Inc. v. Becerra*, No. 23-10326, 2024 WL 3079340, at *13 (5th Cir. June 21, 2024) ("finding that § 706 has "nationwide effect,' is 'not party-restricted'"). The same is true at the preliminary stage: federal courts must stay agency rules in the same

4

way that they stay agency orders.[2] *See Career Colls.*, 98 F.4th at 255. After all, when an agency acts by setting a nationwide policy, it should not be surprising that a stay (or vacatur) of that policy has a nationwide effect. *See id.* (an agency's objections to uniform "relief are incoherent in light of its use of the Rule to prescribe uniform federal standards").

The United States District Court for the Eastern District of Texas recently recognized the propriety of a § 705 stay for these reasons and refused to limit the stay to the parties in the case. *See Federation of Americans for Consumer Choice, Inc., v. U.S. Dep't of Labor*, 2024 WL 3554879, at *17 (E.D. Tex. July 25, 2024) (refusing to "limit the [§ 705 stay to the parties in [the] case," in part, because piecemeal enforcement of a stay would "undermine[]. . . the Government's purported interest in consistency across government in enforcement of a nation-wide regulation" (quotation omitted). The Northern District ruled similarly. *See also Ams. for Beneficiary Choice v. U.S. Dep't of Health & Hum. Servs.*, No. 4:24-CV-00439-O, 2024 WL 3297527, at *7 (N.D. Tex. July 3, 2024) (issuing a stay of a final rule that "seeks to prescribe uniform standards and applies to all regulated persons, "not just the parties to these cases").

## CONCLUSION

The Plaintiff States respectfully request the Court clarify that its Order stays the effective date of the Final Rule universally.

---

[2] Otherwise, the power to afford meaningful final relief in the form of vacatur would be diminished. Once an illegal rule begins to be applied, the "egg has been scrambled*,*" *Sugar Cane Growers Coop. of Fla. v. Veneman*, 289 F.3d 89, 97 (D.C. Cir. 2002); *see also* Mila Sohoni, *The Power to Vacate a Rule*, 88 Geo. Wash. L. Rev. 1121, 1126, 1158 (2020) (arguing that courts reviewing agency action under the APA are "on firm footing" when issuing universal stays to preserve the status quo pending judicial review").

Dated: July 29, 2024.

Respectfully Submitted.

**KEN PAXTON**
Attorney General of Texas

**AUSTIN KNUDSEN**
Attorney General of Montana

**BRENT WEBSTER**
First Assistant Attorney General

*/s/ Christian B. Corrigan*
**CHRISTIAN B. CORRIGAN**
  *Solicitor General*

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

**PETER M. TORSTENSEN, JR.**
  *Deputy Solicitor General*

*/s/Kathleen T. Hunker*
**KATHLEEN T. HUNKER**
Special Counsel
Texas Bar No. 24118415

Montana Department of Justice
215 N. Sanders Helena, MT 59601
Christian.Corrigan@mt.gov
Peter.Torstensen@mt.gov

Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: 512-463-2100
Fax: 512-457-4410
Kathleen.Hunker@oag.texas.gov

**COUNSEL FOR STATE OF MONTANA**

**COUNSEL FOR STATE OF TEXAS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 29, 2024 and that all counsel of record were served by CM/ECF.

*/s/ Kathleen T. Hunker*
KATHLEEN T. HUNKER