UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>STATE OF MONTANA,<br><br>    Plaintiffs,<br><br>  v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; MELANIE FONTES RAINER, in her official capacity as Director of the Office for Civil Rights; CENTERS FOR MEDICARE & MEDICAID SERVICES; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendants. | Case No. 6:24-cv-211-JDK |

**DEFENDANTS' UNOPPOSED MOTION FOR
EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

Pursuant to Federal Rule of Appellate Procedure 4(a)(5), Defendants respectfully request that the Court enter an order extending Defendants' deadline to file a notice of appeal of the Court's July 3, 2024 Memorandum Opinion and Order, ECF No. 18, by 30 days.  Specifically, Defendants request that their notice of appeal deadline—which is currently September 3, 2024—be extended to October 3, 2024, *see* Fed. R. App. P. 4(a)(5)(C), in order to give the Court more time to resolve Defendants' pending Motion to Reconsider Grant of Motion for Stay of Agency Action, ECF No. 21, and Plaintiffs' pending Motion for Clarification, ECF No. 20.  Defendants have conferred with counsel for Plaintiffs, and Plaintiffs do not oppose the requested relief.  In support of this motion, Defendants state the following:

1. This case concerns an Administrative Procedure Act challenge to a Final Rule promulgated by the U.S. Department of Health and Human Services implementing the

1

nondiscrimination requirements provided in § 1557 of the Affordable Care Act, 42 U.S.C. § 18116(a). *See* ECF No. 1.

2. Plaintiffs filed their Complaint against Defendants on June 10, 2024, *see id.*, and filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Stay of Agency Action the next day, ECF No. 2, which Defendants opposed, ECF No. 15. On July 3, 2024, the Court issued a Memorandum Opinion and Order ("Order") granting Plaintiffs' motion seeking a stay of the Final Rule's effective date and ordering, pursuant to 5 U.S.C. § 705, "that the effective date of all portions of" the Final Rule are "stayed as to Texas and Montana and all covered entities in those States until further order of the Court." ECF No. 18 at 27.

3. Defendants' deadline to file a notice of appeal of the Court's July 3, 2024 Order is currently September 3, 2024. *See* Fed. R. App. P. 4(a)(1)(B) (providing that a notice of appeal "may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties" is "a United States agency" or "a United States officer . . . sued in an official capacity"); Fed. R. App. P. 26(a)(1)(C) (providing that a deadline falling on a Sunday or legal holiday "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"); Fed. R. Civ. P. 6(a)(1)(C) (same).

4. On July 8, 2024, Plaintiffs filed a Motion for Clarification requesting that the Court "clarify that its Order stays the effective date of the Final Rule universally." ECF No. 20 at 3. Defendants opposed that motion, ECF No. 22; Plaintiffs replied, ECF No. 29; and Defendants filed a sur-reply on August 5, 2024, ECF No. 30. Plaintiffs' Motion for Clarification remains pending.[1]

5. On July 22, 2024, Defendants filed a Motion to Reconsider Grant of Motion for Stay of Agency Action ("Reconsideration Motion"), in which Defendants argued that the Court "should reconsider the scope of its Order and stay only those portions of the [Final] Rule that specifically implicate the provision of or coverage for gender-affirming care, which [were] the only portions that

---

[1] Plaintiffs styled their post-Order motion as one for "clarification," and Defendants use that label for consistency. But as Defendants argued in their opposition, ECF No. 22, Plaintiffs' "Motion for Clarification" amounts in substance to a motion for reconsideration that asks the Court to alter the scope of its party-specific and geographically limited § 705 stay.

2

Plaintiffs '*actually challenge[d]*' in their [motion for preliminary relief]." ECF No. 21 at 9 (quoting *Career Colleges & Schs. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024)); *see id.* at 2, 2 n.3 (listing the provisions of the Final Rule appropriately subject to a § 705 stay). Plaintiffs opposed Defendants' Reconsideration Motion, ECF No. 31, and Defendants filed a reply in support of their Motion on August 12, 2024, ECF No. 39. Plaintiffs did not file a sur-reply. Defendants' Reconsideration Motion also remains pending.

6.      The Fifth Circuit has explained that a motion asking a district court to reconsider an interlocutory order—that is, "any order or other decision" that "does not end the action"—is governed by Federal Rule of Civil Procedure 54(b). *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam) (quoting Fed. R. Civ. P. 54(b)); *see id.* (explaining that "Rule 59(e) governs motions to alter or amend a final judgment"). A district court order "granting" injunctive relief is ordinarily considered interlocutory. 28 U.S.C. § 1292(a)(1); *see All. for Hippocratic Med. v. FDA*, No. 23-10362, 2023 WL 2913725, at *3 n.3 (5th Cir. Apr. 12, 2023) (stating that an order issuing a § 705 stay is an appealable interlocutory order (citing 28 U.S.C. § 1292(a)). Defendants accordingly framed their Reconsideration Motion under Rule 54(b) to comport with this case law. *See* ECF No. 21 at 3.[2]

7.      A motion brought under Rule 54(b), however, is not one of the specific motions set forth in the Federal Rules of Appellate Procedure that tolls "the time [for a party] to file an appeal." Fed. R. App. P. 4(a)(4)(A). Out of an abundance of caution, then, Defendants have not treated their Reconsideration Motion as having tolled their deadline to file a notice of appeal of the Court's July 3, 2024 Order, and continue to operate with the understanding that their notice of appeal deadline remains September 3, 2024. Yet if Defendants were to file a notice of appeal by that date and while their Reconsideration Motion and Plaintiffs' Motion for Clarification are still pending, such a notice would divest this Court of jurisdiction to resolve those motions. *See Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) ("The filing of a notice of appeal is an event of jurisdictional significance—it

---

[2] Because Plaintiffs' Motion for Clarification substantively amounts to a motion for reconsideration, Defendants submit that it too is governed by Rule 54(b).

3

confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (citation omitted)).

8. Accordingly, in light of Defendants' impending notice of appeal deadline and the fact that Defendants' Reconsideration Motion and Plaintiffs' Motion for Clarification remain pending, Defendants respectfully request, pursuant to Federal Rule of Appellate Procedure 4(a)(5), that the Court enter an order extending Defendants' deadline to appeal the Court's July 3, 2024 Order by 30 days, up to and including October 3, 2024, in order to give the Court more time to resolve the motions pending before it.

9. Federal Rule of Appellate Procedure 4(a)(5) provides in relevant part that a district court "may extend the time to file a notice of appeal" if (1) "a party so moves no later than 30 days after the time prescribed by [Rule 4(a)] expires" and (2) "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A); *see Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (noting that a court's grant of an extension under Rule 4(a)(5) is reviewed for abuse of discretion). The Rule further provides that a district court may extend a notice of appeal deadline up to "30 days after the prescribed time or 14 days after the date when the order granting the [extension] is entered, whichever is later." Fed. R. Civ. P. 4(a)(5)(C).

10. Good cause supports Defendants' request for an extension here. *See* Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 2002 Amendment ("The good cause standard applies in situations in which there is no fault—excusable or otherwise."). The two motions pending before the Court both address the propriety of the scope of the Court's § 705 stay, and both motions ask the Court to modify that stay. Extending Defendants' deadline to file a notice of appeal would provide the Court with more time to rule on those motions and give the Court an opportunity to directly resolve in the first instance an outstanding—and important—legal issue that will be central to any appeal. The Court's resolution of that issue before a notice of appeal is filed would therefore promote judicial efficiency and streamline any subsequent appellate proceedings.

11. Defendants have conferred with Plaintiffs, through counsel, and Plaintiffs do not oppose the relief requested herein.

12. Because such efficiency concerns provide more than sufficient good cause for the Court to exercise its flexible authority to extend a notice of appeal deadline, Defendants accordingly request that the Court enter an order extending Defendants' deadline to file a notice of appeal of the Court's July 3, 2024 Order by 30 days, up to and including October 3, 2024. *See Midwest Emps.*, 161 F.3d at 879 ("Courts of appeal often give more leeway to a district court's decision to grant an extension . . . ."); *cf. Mayle v. Illinois*, 956 F.3d 966, 969 (7th Cir. 2020) (noting in regards to a district court's grant of a motion to extend a notice of appeal deadline that a reviewing court "should not apply close appellate scrutiny to such a routine and discretionary call . . . by a busy district judge").

13. Moreover, in light of Defendants' impending notice of appeal deadline, Defendants respectfully request that the Court act on the present motion by **Tuesday, September 3, 2024, at 5:00 p.m. Central Time**. If the Court declines to do so, Defendants intend to file a notice of appeal shortly after that time to ensure that such a notice is timely.

DATED: August 29, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Zachary W. Sherwood*
ZACHARY W. SHERWOOD
(IN Bar No. 37147-49)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 616-8467
Fax: (202) 616-8470
Email: zachary.w.sherwood@usdoj.gov

*Attorney for Defendants*

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), I emailed all opposing counsel of record on August 29, 2024, and they indicated that Plaintiffs are unopposed to the relief requested in this motion.

*/s/ Zachary W. Sherwood*
ZACHARY W. SHERWOOD

## **CERTIFICATE OF SERVICE**

On August 29, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Zachary W. Sherwood*
ZACHARY W. SHERWOOD
