IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STATE OF TEXAS and STATE OF MONTANA, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, et al., <br><br> Defendants. | § § § § § § § § § § § § § § § § § <br><br> Case No. 6:24-cv-211-JDK |

**ORDER MODIFYING STAY**

On July 3, 2024, the Court issued a memorandum opinion and order staying all portions of the May 6, 2024 Final Rule, Nondiscrimination in Health Programs and Activities, 89 Fed. Reg. 37,522, as to Texas and Montana and all covered entities in those States until further order of the Court. Docket No. 18.

Now before the Court are Plaintiffs Texas and Montana's motion for clarification on the scope of the Court's previous order (Docket No. 20) and Defendants' motion to reconsider the staying of all portions of the Final Rule (Docket No. 21). As explained below, the Court **GRANTS** both motions.

I.

Federal Rule of Civil Procedure 54(b) authorizes courts to "revise[ ] at any time . . . any order or other decision . . . [that] does not end the action." Rule 54(b) is "less stringent than Rule 59(e)" and allows a district court to "reconsider and reverse its

decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

## II.

The Court stayed the effective date of the Final Rule as to Texas and Montana and all covered entities in those States under 5 U.S.C. § 705. Plaintiffs ask the Court to expand the stay of the Final Rule's effective date nationwide.

The APA permits "the reviewing court" to "issue all necessary and appropriate process to postpone the effective date of an agency action" that is pending review. § 705. And "[n]othing in the text of Section 705, nor of Section 706, suggests that either preliminary or ultimate relief under the APA needs to be limited" to the parties before the Court. *Career Colls. & Schs. of Tex. v. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024). Rather, "the scope of preliminary relief under Section 705 aligns with the scope of ultimate relief under Section 706, which is not party-restricted and allows a court to 'set aside' an unlawful agency action." *Id.*; *see also All. for Hippocratic Med. v. FDA*, 78 F.4th 210, 254 (5th Cir. 2023) (affirming a universal stay under § 705 because "a stay is the temporary form of vacatur" under § 706), *rev'd on other grounds*, 602 U.S. 367 (2024). "When a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed." *Career Colls.*, 98 F.4th at 255 (quoting *Harmon v. Thornburgh*, 878 F.2d 484, 495 n.21 (D.C. Cir. 1989)).

The provisions of the Final Rule challenged here are unlawful as to all participants, not just the Plaintiffs in this case. *See Career Colls.*, 98 F.4th at 255 ("The almost certainly unlawful provisions of the Rule that CCST challenges apply to all Title IV participants and are thus almost certainly unlawful as to all Title IV participants."); *Ams. for Beneficiary Choice v. HHS*, 2024 WL 3297527, at *7 (N.D. Tex. July 3, 2024) ("Because the Fixed 40 Fee and Contract-Terms Restrictions are likely unlawful against the Plaintiffs, they are also almost certainly unlawful as to other industry actors."). And because relief under § 705 should not be party restricted, the appropriate remedy is to stay the effective date of the Final Rule for all participants. Accordingly, the Court **GRANTS** Plaintiffs' motion and extends the stay of the effective date of the Final Rule nationwide.

### III.

The Court's previous order stayed the effective date of all portions of the May 6, 2024 Final Rule. Defendants ask the Court to limit the stay of the Final Rule's effective date only to certain challenged sections of the Final Rule.

"[I]t would be improper to enjoin portions of the Rule that are unchallenged or for which [Plaintiffs] ha[ve] not shown a likelihood of success on the merits." *Career Colls.*, 98 F.4th at 255–56. Plaintiffs' motion seeking a stay of the Final Rule in this case addressed Defendants' overbroad interpretation of discrimination "on the basis of sex" in Title IX, as incorporated in Section 1557 of the Affordable Care Act. Docket No. 2. Defendants have now specifically identified the sections of the Final Rule's codified regulations that are subject to Plaintiffs' challenge. Docket No. 21 at 2 n.3.

3

Plaintiffs do not dispute Defendants' list of sections or offer their own. *See* Docket No. 31.

The Court's review of the Final Rule confirms that only certain sections of the Final Rule's codified regulations rely on the challenged interpretation. The remaining sections of the Final Rule are unrelated to Plaintiffs' challenge and should not be included in the stay. *See Career Colls.*, 98 F.4th at 255–56. The Court therefore **GRANTS** Defendants' motion in part and limits the stay of the effective date of the Final Rule only to the sections subject to Plaintiffs' challenge (as listed below).

## IV.

For the reasons explained above, a § 705 stay should apply nationwide but only as to the portions of the Final Rule challenged here. Accordingly, the Court modifies its previous order (Docket No. 18) and **ORDERS** that the effective date of the May 6, 2024 Final Rule, Nondiscrimination in Health Programs and Activities, 89 Fed. Reg. 37,522 is **STAYED** nationwide as to only the following sections: 42 C.F.R. §§ 438.3(d)(4), 438.206(c)(2), 440.262, 460.98(b)(3), 460.112(a); 45 C.F.R. §§ 92.101(a)(2) (and all references to this subsection), 92.206(b), 92.207(b)(3)–(5).

So **ORDERED** and **SIGNED** this **30th** day of **August, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4