UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>STATE OF MONTANA,<br><br>     Plaintiffs,<br><br>  v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>     Defendants.[1] | Case No. 6:24-cv-211-JDK |

## JOINT STATUS REPORT

Pursuant to the Court's October 2, 2024 Order Staying Case, ECF No. 46, the parties jointly and respectfully submit a Joint Status Report ("JSR"), and state as follows:

1.   This case concerns an Administrative Procedure Act challenge to a Final Rule promulgated by the U.S. Department of Health and Human Services implementing the nondiscrimination requirements provided in § 1557 of the Affordable Care Act, 42 U.S.C. § 18116(a). *See* ECF No. 1.

2.   Plaintiffs filed their Complaint against Defendants on June 10, 2024, *see id.*, and filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Stay of Agency Action the next day, ECF No. 2, which Defendants opposed, ECF No. 15.  On July 3, 2024, the Court issued a Memorandum Opinion and Order ("Order") granting Plaintiffs' motion seeking a stay of the Final Rule's effective date and ordering, pursuant to 5 U.S.C. § 705, "that the effective date of all portions of" the Final Rule be "stayed as to Texas and Montana and all covered entities in those States until further order of the Court."  ECF No. 18 at 27.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the official capacity Defendants who no longer hold office have been automatically substituted for by their successors.

3. On July 8, 2024, Plaintiffs filed a Motion for Clarification requesting that the Court "clarify that its Order stays the effective date of the Final Rule universally." ECF No. 20 at 3; *see* ECF No. 29. Defendants opposed that motion. ECF Nos. 22, 30.

4. On July 22, 2024, Defendants filed a Motion to Reconsider Grant of Motion for Stay of Agency Action ("Reconsideration Motion"), in which Defendants argued that the Court "should reconsider the scope of its Order and stay only those portions of the [Final] Rule that specifically implicate the provision of or coverage for gender-affirming care." ECF No. 21 at 9; *see* ECF No. 39. Plaintiffs opposed that motion. ECF No. 31.

5. On August 30, 2024, the Court issued an Order Modifying Stay ("Modified Order"), in which it granted Plaintiffs' Motion for Clarification and expanded the geographic scope of the Court's stay of the effective date of the Final Rule to have nationwide effect. ECF No. 41 at 3. The Court also granted Defendants' Reconsideration Motion "in part" and "limit[ed]" the substantive scope of its stay "only to the sections" of the Final Rule "subject to Plaintiffs' challenge." *Id.* at 4; *see id.* (listing the provisions of the Final Rule encompassed by the Court's Modified Order).

6. Defendants timely appealed the Court's July 3, 2024 Order and August 30, 2024 Modified Order to the United States Court of Appeals for the Fifth Circuit on August 30, 2024. ECF No. 43.

7. In light of that appeal, the parties jointly moved on September 30, 2024, for a stay of further district court proceedings until Defendants' appeal was finally resolved. ECF No. 45. On October 2, 2024, the Court granted the parties' joint stay motion and ordered that "further proceedings in this case are stayed until Defendants' appeal is finally resolved" and that the parties "file a joint status report within thirty days of final resolution of Defendants' appeal." ECF No. 46.

8. In March 2025, the parties stipulated to the dismissal of Defendants' appeal to the Fifth Circuit, and the Fifth Circuit subsequently entered an order stating that the appeal "[was] dismissed as of March 17, 2025, pursuant to the stipulation of the parties." ECF No. 50. Defendants also dismissed their appeals of preliminary injunction rulings in two other cases challenging the Final Rule at issue in this matter.

1

9. Defendants continue to assess next steps regarding the Final Rule in light of the change in presidential administrations, and, as of this filing, are in the process of considering new rulemaking related to the definition of sex. In light of that fact, as well as the fact that this Court's nationwide stay of the Final Rule's effective date, *see* ECF No. 41, remains in effect, the parties have conferred and jointly and respectfully submit that the operative stay of further district court proceedings remains appropriate. *See Nevada v. U.S. Dep't of Labor*, 227 F. Supp. 3d 696, 698 (E.D. Tex. 2017) ("A district court has broad discretion to stay proceedings in the interest of justice and to control its docket."). Indeed, pressing on with further proceedings in this matter would likely be an inefficient, and perhaps largely wasteful use of the parties' and—more importantly—the Court's time and resources. *See Accident Ins. Co. v. Classic Bldg. Design, LLC*, No. 2:11-cv-33, 2012 WL 4898542, at *2 (S.D. Miss. Oct. 15, 2012) ("[C]onsiderations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary."); *cf. Akiachak Native Cmty. V. U.S. Dep't of Interior*, 827 F.3d 100, 114 (D.C. Cir. 2016) (recognizing that an agency's "ability to moot challenges to regulations" by revising or rescinding them is "fundamental to judicial economy").

10. The parties further submit that they are prepared to provide status reports with any new developments every 90 days, should the Court require it.

DATED: April 16, 2025                                  Respectfully submitted,

                                                       YAAKOV M. ROTH
                                                       Acting Assistant Attorney General

                                                       MICHELLE R. BENNETT
                                                       Assistant Director, Federal Programs Branch

                                                       */s/ Zachary W. Sherwood*
                                                       ZACHARY W. SHERWOOD
                                                       (IN Bar No. 37147-49)
                                                       Trial Attorney
                                                       U.S. Department of Justice
                                                       Civil Division, Federal Programs Branch
                                                       1100 L Street, NW
                                                       Washington, DC 20005

Phone: (202) 616-8467  
Fax: (202) 616-8470  
Email: zachary.w.sherwood@usdoj.gov

*Attorney for Defendants*

Dated: April 16, 2025

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**RYAN WALTERS**
Deputy Attorney General for Legal Strategy

/s/Kathleen T. Hunker
**KATHLEEN T. HUNKER**
Special Counsel
Texas Bar No. 24118415
Kathleen.Hunker@oag.texas.gov

Office of the Attorney General of Texas
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: 512-463-2100
Fax: 512-457-4410

**COUNSEL FOR STATE OF TEXAS**

Respectfully Submitted.

**AUSTIN KNUDSEN**
Attorney General of Montana


/s/ Christian B. Corrigan
**CHRISTIAN B. CORRIGAN**
  Solicitor General

**PETER M. TORSTENSEN, JR.**
  Deputy Solicitor General



Montana Department of Justice
215 N. Sanders Helena, MT 59601
Christian.Corrigan@mt.gov
Peter.Torstensen@mt.gov

**COUNSEL FOR STATE OF MONTANA**

4

## **CERTIFICATE OF SERVICE**

On April 16, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Zachary W. Sherwood*
ZACHARY W. SHERWOOD
