UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

STATE OF TEXAS and
STATE OF MONTANA,
    *Plaintiffs*,

v.

XAVIER BECERRA, in his official capacity
as Secretary of Health and Human Services;
MELANIE FONTES RAINER, in her
official capacity as Director of the Office for
Civil Rights; CENTERS FOR MEDICARE
& MEDICAID SERVICES; UNITED
STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

    *Defendants*.

Case No. 6:24-cv-00211-JDK

## JOINT STATUS REPORT

The parties in this case file the following Joint Status Report in accordance with the Court's Order dated April 2, 2026. (ECF No. 58).

**Plaintiffs' Statement**

Plaintiffs State of Texas and State of Montana filed this action to challenge a Final Rule issued by Defendant U.S. Department of Health and Human Services implementing the nondiscrimination requirements provided in Section 1557 of the Affordable Care Act, 42 U. S. C. § 18116(a) in 2024. The Court stayed the effective date of the Final Rule on July 3, 2024. (ECF No. 18), reported at *Texas v. Becerra*, 739 F. Supp. 3d 522 (E. D. Tex. 2024). Defendants moved for reconsideration and the Court entered its Order Modifying Stay on August 30, 2024. (ECF No. 41), reported at *Texas v. Becerra*, 2024 U. S. Dist. LEXIS 187737 (E. D. Tex. 2024). The Court ordered that the sections of the Final Rule "subject to Plaintiffs' challenge" were stayed nationwide.

1

Defendants filed a Notice of Appeal of the Court's July 3 and August 30 rulings to the Fifth Circuit Court of Appeals. (ECF No. 43). This Court stayed further proceedings in this case pending the appeal by Order dated October 2, 2024. (ECF No. 46).

After the change of administrations in January 2025, the parties stipulated to the dismissal of the appeal and the Fifth Circuit dismissed the appeal on March 14, 2025. The Fifth Circuit Court of Appeals issued its mandate to this Court on March 20, 2025. (ECF No. 50). The parties filed a Joint Status Report on April 16, 2025. (ECF No. 51).

In that Joint Status Report, Defendants stated:

> Defendants continue to assess next steps regarding the Final Rule in light of the change in presidential administrations, and, as of this filing, are in the process of considering new rulemaking related to the definition of sex.

*Id*. at p. 2.

The parties therefore requested a continuation of the stay of proceedings in this case. The Court entered its Order on April 17, 2025, staying further proceedings until further order of the Court and administratively closing the case. (ECF No. 52).

On June 12, 2025, the parties filed a further Joint Status Report. (ECF No. 53). Defendants reported:

> In light of the recent change in Administrations, the Final Rule remains under consideration at HSS.

*Id*. No further action with respect to the Final Rule has been taken by HHS to date to Plaintiffs' knowledge.

The Final Rule was challenged in another District Court in this Circuit. In *Tennessee v. Kennedy*, 807 F. Supp. 3d 613 (S. D. Miss. Oct. 22, 2025), the District Court granted summary judgment to a group of States challenging the Final Rule and found "that HHS exceeded its authority by implementing regulations redefining sex discrimination and prohibiting gender-identity discrimination.". 807 F. Supp. 3d at 617. The District Court

vacated specified regulations within the Final Rule, including 45 C.F.R. § 92.101(a)(2)(iv). The Court also entered related declaratory relief.

Defendants did not appeal the District Court's judgment in *Tennessee v. Kennedy* and it therefore has become final. As a result, most of the matters at issue in this case are now moot. Plaintiffs request that the stay of proceedings in this case be lifted to allow them to file a motion to dismiss as to the matters now mooted by *Tennessee v. Kennedy* in the next ten days.

However, the issues in this case are somewhat broader than those at issue in *Tennessee v. Kennedy*. This case is *not* moot to the extent of the differences. Plaintiffs Texas and Montana challenged the portion of the Final Rule reflected in 45 C.F.R. § 92.101(a)(2):

Section 92.101(a)(2) provides:

Discrimination on the basis of sex includes, but is not limited to,

discrimination on the basis of

(i)     Sex characteristics, including intersex traits;

(ii)    Pregnancy or related conditions;

(iii)   Sexual orientation;

(iv)    Gender identity; and

(v)     Sex stereotypes.

Plaintiffs challenged the entirety of § 101(a)(2), including all five subsections. See Paragraph 60, Complaint (ECF No. 1).

This Court on July 3, 2024, stayed the effective date of § 101(a)(2) in its entirety. Defendants moved for reconsideration of that ruling and argued that any stay of § 92.101(a)(2) should be limited to § 92.101(a)(2)(iv). (ECF No. 21 at 2 n.3). This Court in its Order Modifying Stay, however, continued the Stay as to all five subsections of § 101(a)(2), implicitly rejecting Defendants' argument in its motion for reconsideration that the stay should be limited to subsection (iv) of § 92.101(a)(2) relating to "gender identity".

3

As a result, the Court's Stay of the effective date of the Final Rule as to § 92.101(a)(2)(i), (ii), (iii), and (v) is in effect and have remained in effect since July 3, 2024, approaching two years. Plaintiffs request that the stay of proceedings in this case be lifted so that Plaintiffs can promptly move for summary judgment as to the remaining issues in this case: their challenge to § 101(a)(2)(i), (ii), (iii), and (v). Although the majority of the arguments between the parties in this case indeed have pertained to "gender identity," the portion of the Final Rule relating to "sex characteristics, including intersex traits" and other subsections of § 101(a)(2) were and are beyond the statutory authority of HHS.

**Defendants' Statement**

This Court lacks subject matter jurisdiction over the claims for relief pleaded in the operative complaint given (1) a final judgment issued by another federal district court vacating the regulatory provisions addressing gender identity discrimination that Plaintiffs challenge and (2) Executive Branch actions and policies that have eliminated any putative credible threat of the type of enforcement actions Plaintiffs may have once feared in the past. *See Neese v. Becerra*, 127 F.4th 601, 601-02 (5th Cir. 2025) (Duncan, J., joined by six others, concurring in the denial of rehearing en banc); *Franciscan All. v. Becerra*, 47 F.4th 368, 374-75 (5th Cir. 2022); *Tennessee v. Kennedy*, 807 F. Supp. 3d 613, 630 (S.D. Miss. 2025) (ordering that the challenged regulations "are VACATED to the extent that they expand Title IX's definition of sex discrimination to include gender-identity discrimination").

On April 13, 2026, Defendants requested that Plaintiffs dismiss the claims pleaded in the operative complaint without prejudice rather than litigate whether those claims are moot.  In response, Plaintiffs have demanded that Defendants consent to judgment addressing claims that were never pleaded in the operative complaint, including putative claims that Title IX and Section 1557 do not encompass sex stereotyping claims or pregnancy discrimination claims.  These demands are not properly before the Court—it is improper to revive a moot case by reading into a complaint an argument not adequately

4

presented.  *See Laren v. U.S. Navy*, 525 F.3d 1, 5 (D.C. Cir. 2008).  Plaintiffs' demands are also not consistent with HHS's longstanding understanding of Section 1557, consistent across several administrations.  *See Nondiscrimination in Health and Health Education Programs or Activities*, 85 Fed. Reg. 37,160, 37,185 (June 19, 2020) (distinguishing between acknowledging biological differences and "impermissible" sex stereotyping); *see also id.* at 37,239 (acknowledging that "sex stereotyping claims [are] authorized by Title IX and Section 1557"); *see also* Defendants' Memorandum Addressing Mootness, *McComb Children's Clinic v. Kennedy*, No. 5:24-cv-00048-LG-ASH (S.D. Miss. Jan. 20, 2026), ECF No. 62.  Plaintiffs' demands are also not consistent with Title IX.  *See Penderson v. Louisiana State University*, 213 F.3d 858, 880-81 (5th Cir. 2000) (holding that Title IX encompasses sex stereotyping claims); *Conley v. Nw. Fla. State College*, 145 F. Supp. 3d 1073 (N.D. Fla. 2015) ("Congress specifically envisaged that its prohibition of sex discrimination [in Title IX] would encompass pregnancy discrimination").

Rather than ligate this Court's subject matter jurisdiction immediately, however, it may be prudent for proceedings to remain stayed pending the conclusion of appeals, including one before the Fifth Circuit, addressing whether similar actions are moot.  Two district courts have dismissed similar lawsuits as moot.  *See McComb Children's Clinic, Ltd v. Kennedy*, No. 5:24-cv-48-LG-ASH, 2026 WL 381193, at *1 (S.D. Miss. Feb. 5, 2026) (finding pre-enforcement APA challenge to Section 1557 regulations "should be dismissed as [it] is moot"); Endorsed Order, *Florida v. HHS*, No. 8:24-cv-1080 (M.D. Fla. June 9, 2025) ("The Clerk will dismiss this case without prejudice as moot and not capable of repetition within any reasonable time frame.").  Plaintiffs in both the *McComb Children's Clinic* and *Florida* actions have appealed.  Decisions from the Eleventh Circuit and the Fifth Circuit may assist the parties and the Court in addressing the mootness question here.  *See Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (A stay of district court proceedings "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims in the stayed case" is "at least

a good . . . , if not an excellent" reason to stay proceedings.).  If the Court agrees that proceedings should prudently remain stayed, Defendants request that the stay remain in effect until the Fifth Circuit rules in the *McComb Children's Clinic* case.  Specifically, Defendants suggest that the parties file a joint status report within 14 days of the date that the appeal is finally resolved.

If the Court believes that proceedings should not remain stayed, Defendants request that the Court require the parties to submit a joint proposed briefing schedule to address whether the claims pleaded in each count of the Complaint are moot.  The Court is obligated to address subject matter jurisdiction before addressing the merits.  *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (citation omitted).  The Court "cannot bypass this inquiry when the record reveals mootness may be an issue." *Harris v. Univ. of Mass. Lowell*, 43 F.4th 187, 191 n.7 (1st Cit. 2022).  And requiring Defendants to brief the merits of Plaintiffs' claims in the Complaint and requiring the Court to review all of that merits briefing before first contemplating mootness would be a waste of judicial and party resources.

But even if the Court were to elide briefing on its subject matter jurisdiction, in no circumstance should the Court authorize Plaintiffs to "promptly move for summary judgment as to" putative "issues" that are not pleaded in the Complaint.  A motion for summary judgment permits the movant to show it is entitled to judgment as a matter of law on claims pleaded in the counts of the Complaint. Fed. R. Civ. P. 10(b), 56(a).  A motion for summary judgment is not a vehicle for the parties to opine on whatever "issues" Plaintiffs want to address outside the scope of the gender identity claims—and thus the gender identity regulatory provisions actually challenged—in the Complaint.  *Solferini as Trustee of Corradi S.p.A. v. Corradi USA, Inc.*, 2020 WL 1511315, at *6 (E.D. Tex. Mar. 30, 2020) ("A party may not raise a claim in its motion for summary judgment that was not asserted in the party's complaint"); *La Union del Pueblo Entero v. FEMA*, 141 F. Supp. 3d

6

681, 697 (S.D. Tex. 2015) ("Summary judgment cannot be entered on a claim not pleaded in the complaint, as that claim is not fairly before the Court.").[1]

Plaintiffs wrongly contend that the Court "implicitly rejected Defendants' argument in its motion for reconsideration that the stay should be limited to subjection (iv) of s. 92.101(a)(2)." The fact that the Court, on an expedited timeline, entered an emergency stay of regulatory provisions that Plaintiffs in no way *actually challenged* in their briefing in favor of the stay—such as claims about pregnancy discrimination and sex stereotyping—is not a basis to expand this case beyond the statement of the claims showing that the pleader is entitled to relief pleaded in the Complaint. On the contrary, the Court did not explain why it "postpone[ed] the effective date of the portions of the Rule" in 45 C.F.R. § 92.101(a)(2)(i), (ii), (iii), and (v) that Texas and Montana did not "*actually challenge[]* and for which" the States did not show "a likelihood of success on the merits" at all. *See Career Colleges and Schs of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024). The Complaint presents none of the extraordinary claims that Texas and Montana press in this Joint Status Report. For example, the Complaint includes no claim that Title IX and Section 1557 exclude sex stereotyping claims or pregnancy discrimination claims.

Plaintiffs also mistake the procedural history of this case. The Court, on July 3, 2024, did not merely stay the effective date of § 92.101(a)(2) in its entirety. Rather, the Court stayed the effective date of every single provision codifed in 45 C.F.R. Part 92. ECF No. 18 at 27 (staying "all portions" of the regulations). Plaintiffs are correct that

---

[1] The Complaint pleads Plaintiffs' claims in three counts. Compl. ¶¶ 139-83, ECF No. 1. In Count I, Plaintiffs claim that HHS regulations invalidly define "'sex' discrimination to include discrimination based on 'gender identity.'" *Id*. ¶ 143; *see also id*. ¶ 142 ("Congress has not delegated to Defendants the authority to prohibit gender-identity discrimination under Section 1557."). In Count II, Plaintiffs claim that "gender-identity mandates" included in HHS regulations "are arbitrary and capricious." *Id*. ¶ 165. In Count III, Plaintiffs claim that while "Congress has expressed its intent to cover 'gender identity' as a protected class in other pieces of legislation . . . it has not done so regarding Title IX." *Id*. ¶ 178. The Complaint does not include claims that Title IX and Section 1557 exclude, for example, sex stereotyping claims or pregnancy discrimination claims.

Defendants then moved for reconsideration of that ruling and requested that the stay should be limited to § 92.101(a)(2)(iv).  And the Court granted that motion.  *See* ECF No. 41 at 1.  But in its order the Court appears to include all portions of § 92.101(a)(2)—even those that Plaintiffs did not actually challenge.  *Id.* at 4.  The Court did not explain why it stayed portions of § 92.101(a)(2) that Plaintiffs did not actually challenge, even though the Court recognized that it would be improper to enjoin regulatory provisions that are unchallenged.  *See id.* at 3.

Dated: April 16, 2026

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

**RYAN G. KERCHER**
Chief, Special Litigation Division

*/s/ David Bryant*
**DAVID BRYANT**
Senior Special Counsel
David.Bryant@oag.texas.gov
Texas Bar No. 03281500

Office of the Attorney General of Texas
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: 512-463-2100
Fax: 512-457-4410

**COUNSEL FOR STATE OF TEXAS**

Respectfully Submitted,

**AUSTIN KNUDSEN**
Attorney General of Montana

*/s/ Christian B. Corrigan*
**CHRISTIAN B. CORRIGAN**
*Solicitor General*

Montana Department of Justice
215 N. Sanders Helena, MT 59601
Christian.Corrigan@mt.gov

**COUNSEL FOR STATE OF MONTANA**

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: 202-514-4964
Fax: 202-616-8460
Email:  liam.c.holland@usdoj.gov
***Counsel for Defendants***

**9**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on April 16, 2026 and that all counsel of record were served by CM/ECF.

/s/ David Bryant
David Bryant